UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDDIE LOUIS DILLARD,

    Plaintiff,

v.

KEITH M. ELLISON,

    Defendant.

Civil No. 06-869 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's self-styled "Application to Proceed In Forma Pauperis." (Docket No. 3.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's application to proceed in forma pauperis, ("IFP"), be denied, and that this action be dismissed without prejudice.

Plaintiff, a state prisoner, filed a complaint alleging that his former criminal defense lawyer obtained some money from him by fraudulent means. (Docket No. 1.) Plaintiff did not pay the normal filing fee required by 28 U.S.C. § 1914, but instead applied for leave to proceed IFP. The Court previously reviewed Plaintiff's IFP application and noted that (i) the application was incomplete, because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).

Both of Plaintiff's omissions were called to his attention by this Court's order of February 28, 2006. (Docket No. 4.) That order gave Plaintiff twenty (20) days to cure the two

defects in his original request for IFP status by submitting both (a) a new IFP application with the requisite certified trust account information, <u>and</u> (b) the initial partial filing fee prescribed by § 1915(b)(1).  The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.

The deadline for satisfying the requirements of the Court's prior order has now expired. To date, however, Plaintiff has not submitted either an amended IFP application or an initial partial filing fee.  Plaintiff has submitted only a document entitled "Plaintiff Petition Court's In Response To Order And Permission To Proceed As A Poor Man Without Restraints." (Docket No. 5.)  In that submission, Plaintiff contends that (i) he should be excused from complying with the Court's prior order pursuant to 28 U.S.C. § 1915(b)(4), and (ii) the filing fee requirements of 28 U.S.C. § 1915(b) unconstitutional.  Neither of those arguments, however, can excuse Plaintiff's failure to comply with the Court's prior order.

Section 1915(b)(4) states that "[i]n no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  In this case, however, Plaintiff has not demonstrated that he "has no assets and no means by which to pay the initial partial filing fee."  Because Plaintiff has not submitted an IFP application that includes the certified trust account information required by 28 U.S.C. § 1915(a)(2), (despite the Court's order that he must do so), the Court has no basis to conclude that § 1915(b)(4) applies here.

Plaintiff's challenges to the constitutionality of § 1915(b) must also be summarily rejected, because the Eighth Circuit Court of Appeals has previously upheld that statute

against such challenges. <u>Murray v. Dosal</u>, 150 F.3d 814, 817-19 (8th Cir. 1998) (<u>per curiam</u>), <u>cert</u>. <u>denied</u>, 526 U.S. 1070 (1999).

Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice. <u>See</u> Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). <u>See</u> <u>also</u> <u>In re Smith</u>, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); <u>Amick v. Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>, (Docket No. 3), be **DENIED**; and

    2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 30, 2006                            s/Jeanne J. Graham

                                                   JEANNE J. GRAHAM
                                                   United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by April 18, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.